FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2015 NOV 30 PM 4: 05
CLERK
SO. DIST. OF GA.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF GEORGIA**

**SAVANNAH DIVISION**

| | |
|---|---|
| JAVIER MURILLO-SOLIS, ) ) Movant, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) | Case No. CV415-314 CR413-121 |

## REPORT AND RECOMMENDATION

After pleading guilty to conspiracy and possession of a firearm during a drug trafficking offense, Javier Murillo-Solis moves under 28 U.S.C. § 2255 to have his sentence reduced to time served. Doc. 395. Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings shows that his motion must be **DENIED** as untimely.

The Court entered judgment against Murillo-Solis on February 20, 2014, doc. 204, and he had one year from the date his conviction became final to seek § 2255 relief. 28 U.S.C. § 2255(f). Since he filed no appeal, his conviction became final and § 2255(f)'s one-year clock began to tick on March 6, 2014. Fed. R. App. P. 4(b)(1)(A)(i) (defendants must notice their appeals within 14 days from the entry of judgment). He did not file

the present § 2255 motion, however, until November 17, 2015, which is 196 days too late. Doc. 395 at 16.

Murillo-Solis admits as much. *See id.* at 2 ("Thus, this motion is untimely...."). Nevertheless, he requests "reconsideration," which the Court construes as an argument for equitable tolling.[1] Despite Murillo-Solis' "respectful[] approach[]," it fails because he offers nothing but legal conclusions as support (his entire motion is sixteen pages of the same),[2] much less a "truly extraordinary circumstance[]" that warrants equitable tolling. *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003). Hence, his motion is time-barred and should be denied.

---

[1] "The statute of limitations can be equitably tolled where a petitioner untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Kicklighter v. United States*, 281 F. App'x 926, 930 (11th Cir. 2008) (quoting *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007)).

[2] For example, Murillo-Solis claims that his attorney provided ineffective assistance by "not effectively communicat[ing] with Defendant in a way that would procedurally guide and direct Defendant to make an informed decision surrounding acceptance of plea, directives at trial, and emphasis on proper and important evidentiary documentation as it may affect the outcome of the sentence." Doc. 395 at 9 ("Findings of Fact" section of Murillo-Solis' § 2255 motion). That utter lack of facts would doom his claims if their untimeliness did not. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (to warrant a hearing, "allegations must be factual and specific, not conclusory"); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (applying a heightened pleading requirement in habeas cases and noting that "[t]he evidence supporting an [IAC] claim is available following the conviction, if not before. Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition.").

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added).

**SO REPORTED AND RECOMMENDED**, this 30th day of November, 2015.

/s/ M. Smitt<br>
UNITED STATES MAGISTRATE JUDGE<br>
SOUTHERN DISTRICT OF GEORGIA

3